IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUANITA TANSIL,                )<br>                                              )<br>   Plaintiff,                        )<br>                                              )<br>vs.                                         )<br>                                              )<br>HONDA MOTOR COMPANY, LTD.,  )<br>AMERICAN HONDA MOTOR CO.,   )<br>INC., HONDA OF AMERICA MFG.,  )<br>INC., and DRK INVESTMENT CO.   )<br>RAYMOND J. MUNGENAST            )<br>                                              )<br>   Defendants.                    ) | Case No. 4:16-cv-01220-CEJ<br><br>**AHM DEMANDS TRIAL BY JURY** |

## **DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S**
## **MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND**
## **MEMORANDUM OF LAW IN SUPPORT THEREOF**

COMES NOW Defendant American Honda Motor Co., Inc. (improperly named as "Honda Motor Company, Ltd. d/b/a American Honda Motor Co., Inc. d/b/a Honda of America Mfg., Inc.") (hereinafter "AHM"), by and through its undersigned counsel, and moves, pursuant to Rule 12(b)(1) for dismissal of Plaintiff's Second Amended Complaint for lack of subject matter jurisdiction because complete diversity of citizenship amongst the parties does not exist. In support of this motion, AHM submits the following memorandum of law:

### **Introduction**

On July 25, 2016, Plaintiff Juanita Tansil filed her Original Complaint in this Court alleging personal injury claims against AHM, Honda Motor Company, Ltd., Honda of America

6424936.1

Mfg., Inc., and DRK Investment Co. Raymond J. Mungenast ("Mungenast").[1]  Since July 25, 2016, Plaintiff has filed two other amended complaints directed to the same defendants (no new party plaintiffs or defendants named).  The last complaint filed with the Court was her Second Amended Complaint filed on August 17, 2016.  *See* Second Amended Complaint (Doc. 10).  On August 24, 2016, AHM was served with a copy of the Second Amended Complaint.

Plaintiff is a Missouri citizen.  Doc. 10, ¶ 1.  Plaintiff alleges that this Court has diversity jurisdiction of this case pursuant to 28 U.S.C. § 1332(a)(1) "because this suit is between a citizen of the state of Missouri and Corporations established under the laws of other states and countries[.]"  Doc. 10, ¶ 6.  However, she specifically pleads in her Complaint that:  (1) Plaintiff is a citizen and resident of Missouri; and (2) Mungenast is a corporation with its principal place of business in Missouri.  Doc. 10, ¶¶ 1, 5.  As pled, Plaintiff's Second Amended Complaint establishes that this Court does not have subject matter jurisdiction over this case requiring that the entire case be dismissed.

## Argument

A plaintiff has the burden to establish "the factual bases for the subject matter jurisdiction" invoked.  *Wilkerson v. Mo. Dept. of Mental Health*, 279 F. Supp. 2d 1079, 1080 (E.D. Mo. 2003) (citing *Osborn v. U.S.*, 918 F.2d 724, 7230 (8th Cir. 1990).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

---

[1] AHM—the entity served with Plaintiff's Second Amended Complaint—enters its appearance and files this motion for AHM only.  As pled by Plaintiff, AHM is a California corporation with its principal place of business in California.  Doc. 10, ¶ 3.  As pled by Plaintiff, Honda Motor Company, Ltd. ("HMC") is foreign corporation organized and existing under the laws of Japan with its principal place of business in Japan.  Doc. 10, ¶ 2.  AHM is not an agent or otherwise authorized to accept service of process on behalf of HMC or Honda of America Mfg., Inc. ("HAM").  Indeed, this Court has previously recognized that although AHM is a wholly-owned subsidiary of HMC, the parent/subsidiary relationship between the two is insufficient to render HMC subject to the Court's jurisdiction and service on the subsidiary is ineffective. *See Dunakey v. American Honda Motor Co., Inc.*, 124 F.R.D. 638 (E.D. Mo. 1989).  HAM is an Ohio corporation with its principal place of business in Ohio. *See* http://www5.sos.state.oh.us/ords/f?p=100:7:0::NO:7:P7_CHARTER_NUM:511425

action." FED. R. CIV. P. 12(h)(3).  Here, Plaintiff alleges this Court has subject matter jurisdiction of this matter pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332(a)(1).

"The diversity of citizenship statute requires, as relevant, that the civil action be between 'citizens of different States.'"  *Wilkerson*, 279 F. Supp. 2d at 1080 (E.D. Mo. 2003) (quoting 28 U.S.C. § 1332(a)(1).  It is well-settled "that federal diversity jurisdiction requires complete diversity."  *Id*.  (citing *Walker v. Norwest Corp.*, 108 F.3d 158, 162 (8th Cir. 1997) (emphasis added)).  "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."  *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

Here, complete diversity does not exist.  Plaintiff is a Missouri citizen.  Doc. 10, ¶ 1.  Likewise, Defendant Mungenast—an entity with its principal place of business in St. Louis, Missouri—is a Missouri citizen.  Doc. 10, ¶ 5; *see also* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business").  Where, as here, complete diversity is lacking, subject matter jurisdiction does not exist, and the complaint must be dismissed.  *See, e.g.*, *Favaloro v. Webster Groves/Shrewsbury Area Chamber of Commerce*, 2012 WL 1829883 (E.D. Mo. 2012) (claims in amended complaint would be dismissed for lack of subject matter jurisdiction where complete diversity was lacking); *TKE Enterprises, Inc. v. Crack Team, U.S.A., Inc.*, 2013 WL 1883072 (E.D. Mo. 2013) (dismissing action for lack of subject matter jurisdiction where complete diversity was lacking).

WHEREFORE, Defendant American Honda Motor Co., Inc. respectfully requests this Court dismiss Plaintiff's Second Amended Complaint and grant any further relief deemed just and necessary under the circumstances.

        Respectfully submitted,

        THOMPSON COBURN LLP

        By    */s/* Carl J. Pesce
            Carl J. Pesce, #39727MO
            Benjamin S. Harner, #65950MO
            One US Bank Plaza
            St. Louis, Missouri  63101
            (314) 552-6000
            (314) 552-7000 (fax)
            cpesce@thompsoncoburn.com
            bharner@thompsoncoburn.com

        Attorney for Defendant,
        American Honda Motor Co., Inc.

## CERTIFICATE OF SERVICE

    I hereby certify that on this 9th day of September, 2016, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system and served via U.S Mail, postage prepaid, to:

  Juanita Tansil
  1815 Cambridge Lane
  St. Louis, MO 63147
  *Plaintiff Pro Se*

                */s/* Carl J. Pesce