UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUANITA TANSIL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:16-CV-1220 (CEJ) |
| HONDA MOTOR COMPANY, LTD., et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the defendants' separate motions to dismiss for lack of subject matter jurisdiction. Plaintiff, who proceeds *pro se*, has filed a response in opposition.

**I.     Background**

Plaintiff Juanita Tansil alleges that she was injured while standing in her driveway on Cambridge Lane in St. Louis, Missouri, when her vehicle, a 1999 Acura, moved backwards and struck her with the open door. She argues that the car had a defective ignition interlock. On July 25, 2016, she filed this action, asserting claims for strict products liability against Honda Motor Company, Ltd., and DRK Investment Co., d/b/a Mungenast St. Louis Acura (Mungenast). She asserts subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), and alleges that she is a citizen of Missouri and that the defendants are corporations established under the laws of other states and countries.[1] [Docs. #1, #5, #10 at ¶6]. However, plaintiff has also pleaded that defendant Mungenast is a corporation with its principal place

---

[1] She filed amended complaints on August 15th and August 17, 2016. The jurisdictional allegations remain unchanged. [Docs. #5, #10].

of business in Missouri. Second Amended Complaint ¶5. Defendants move for dismissal arguing that diversity of citizenship is lacking on the face of the complaint.

## II. Legal Standard

Federal courts are courts of limited jurisdiction; they possess only that power authorized by Constitution and statute. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). The court is obligated to dismiss any action over which it does not have subject matter jurisdiction. "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citing Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990)). In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Id.

## III. Discussion

Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). The district court's "determination of citizenship for the purpose of diversity is a mixed question of law and fact, but mainly fact." Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005) (citation omitted). The existence of diversity of

2

citizenship is determined at the time the suit is instituted, and not when the cause of action arose. Smith v. Snerling, 354 U.S. 91, 93 n. 1 (1957).

The parties do not dispute that defendant Mungenast is a Missouri corporation with its principal place of business in Missouri. See Patrick Sanders Affidavit [Doc. #24 at 4]. Thus, defendant Mungenast is a citizen of Missouri for the purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1). Plaintiff alleges that she also is a citizen of Missouri. Assuming the truth of this allegation, as the Court must for a facial challenge, there is no diversity of citizenship and the case must be dismissed for lack of subject matter jurisdiction.

The Court notes that, in opposition to the motions to dismiss, plaintiff asserts that she is really a citizen of Michigan where she was a teacher for 28 years. She states that she is in Missouri on an extended stay in order to handle legal matters in connection with the deaths of her parents and brother in 2010 and 2011. [Doc. #15 at 4]. She states that she will return to Michigan upon completion of court cases pending in Missouri.[2] According to the documents she submits, plaintiff owns real estate and pays property taxes in Detroit. She also receives a pension from the Michigan Office of Retirement Services. Defendants counter with documents establishing that plaintiff owns the home in St. Louis where she alleges her injuries occurred, holds a Missouri driver's license, is registered to vote in Missouri, and voted in the City of St. Louis in August 2016.

---

[2] On November 15, 2010, plaintiff brought suit in the Circuit Court of St. Louis County against Allstate Indemnity Company for breach of insurance contract and vexatious refusal to pay for water damage at her home at 1815 Cambridge Lane, MO 63147. The defendant removed the action to this Court pursuant to diversity jurisdiction. Tansil v. Allstate Indemnity Company, 4:12-CV-226 (DDN) (E.D. Mo. Jan. 15, 2012). That case was terminated on October 23, 2014.

3

Although plaintiff's documents establish that her connections to Michigan are of some substance, she cannot rely on them to contradict her allegations in the original complaint and the amended complaints that she is a citizen of Missouri. By presenting pleadings and other documents to the Court, plaintiff has certified that the factual allegations, including those regarding her state of citizenship, have evidentiary support. Fed. R. Civ. P. 11(b)(3). In addition, plaintiff affixed to her complaints verifications in which she stated, under penalty of perjury, that the contents of the complaints were true. Plaintiff's contradictory assertion of Michigan citizenship in response to the motion to dismiss cannot satisfy her burden to establish subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Honda Motor Company, Ltd., to dismiss [Doc. #13] is **granted**.

**IT IS FURTHER ORDERED** that the motion of defendant D.R.K. Investment Co. d/b/a Mungenast St. Louis Acura, to dismiss [Doc. #24] is **granted**.

**IT IS FURTHER ORDERED** that all other pending motions are **denied as moot**.

A separate order of dismissal will be entered.

```
                                    _____
                                    CAROL E. JACKSON
                                    UNITED STATES DISTRICT JUDGE
```

Dated this 28th day of October, 2016.